**Order entered January 15, 2020**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-01122-CV

## IN THE INTEREST OF M.D., A CHILD

**On Appeal from the 196th Judicial District Court**
**Hunt County, Texas**
**Trial Court Cause No. 86664**

## ORDER

This appeal involves the termination of parental rights to a child in which the application and compliance with the Indian Child Welfare Act of 1978, 25 U.S.C.A. §§ 1901–63 (2001) is at issue.

Appellant and the Texas Department of Family and Protective Services (the Department) agree the record contains information of the child's alleged Indian heritage, but the record does not indicate the tribes were notified. Further, the record does not indicate the trial court made findings as to whether the child is an Indian child under the ICWA.

Both parties agree in their underlying briefs that the case should be abated to notify the proper tribes as required under the ICWA, to allow the trial court to hold a hearing, and to determine if the child is an Indian child under the ICWA. *See* 25 U.S.C.A. § 1912(a).

On the Court's own motion, we **ORDER** the following:

(1) This appeal is **ABATED** and **REMANDED** to the trial court.

(2) The trial court will ensure that proper notice that complies with the statutory notice requisites of the ICWA shall be provided to the relevant Indian tribes.

(3) After such notice, the trial court shall then conduct a hearing within **TWENTY** days from the date of this order to determine whether the child is an Indian under the ICWA.

(4) A supplemental clerk's record indicating compliance with the statutory notice requirements of the ICWA and a supplemental reporter's record of the hearing shall be filed within **TEN** days of the hearing.

The Court will automatically reinstate the appeal **THIRTY** days from the date of this order or upon receipt of the supplemental record, whichever is sooner.

/s/    DAVID L. BRIDGES
PRESIDING JUSTICE